**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-5194

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC WILFORD MORRISON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:07-cr-00050-RLV-DSC-2)

Submitted: July 5, 2011                     Decided: July 20, 2011

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

J. Clark Fischer, RANDOLPH & FISCHER, Winston-Salem, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Maria K. Vento, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Eric Wilford Morrison of one count of conspiracy to possess with intent to distribute five kilograms or more of powder cocaine and 50 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). He appeals, contending that the district court erred in denying his motion to exclude evidence. Finding no error, we affirm.

At Morrison's trial, the Government presented testimony from a number of witnesses regarding Morrison's involvement in selling powder and crack cocaine. The Government also presented evidence of ion scan results indicating the presence of cocaine on money that law enforcement seized from Morrison's front pants pocket at the time of his arrest. Morrison challenges the ion scan evidence, contending that the ion scan method was not reliable.

We review the district court's evidentiary ruling for abuse of discretion. United States v. Delfino, 510 F.3d 468, 470 (4th Cir. 2007). Expert testimony is admissible under Federal Rule of Evidence 702 if it concerns: (1) scientific, technical, or other specialized knowledge that (2) will aid the jury or other trier of fact to understand or resolve a fact at issue. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592 (1993). The reasoning and methodology underlying an expert's proffered opinion must be reliable. See id., at 593-95. The district court conducted a Daubert hearing, at which

the Government's expert testified on direct and cross examination regarding the reliability of the ion scan results. Having carefully reviewed the record, we conclude that the district court did not abuse its discretion in admitting the results into evidence.

Moreover, we agree with the Government that even if the district court erred by admitting the ion scan evidence, any error was harmless. See United States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009) (explaining district court's evidentiary rulings are subject to harmless error review). The Government presented substantial evidence of Morrison's involvement in selling powder and crack cocaine during the charged conspiracy. See id. ("Erroneously admitted evidence is harmless if a reviewing court is able to 'say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'") (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3